United States District Court
Southern District of Texas

**ENTERED**

April 23, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| CAMILO ENRIQUE VELASQUEZ-ZEPEDA, | § § § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-128 |
| | § | |
| ORLANDO RODRIGUEZ, ET AL.,[1] | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal custody at the Webb County Detention Center in Texas. Before the Court is Petitioner's Unopposed First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory & Injunctive Relief, (Dkt. No. 13), and Respondents' Motion for Summary Judgment, (Dkt. No. 15).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by April 24, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by April 27, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Honduras, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection on June 7, 2019, and has remained continuously present in the country since then. (*See* Dkt. No. 13 at 4; Dkt.

---

[1] Todd Blanche is automatically substituted for Pamela Bondi in this case under Federal Rule of Civil Procedure 25(d). Markwayne Mullin is automatically substituted for Kristi Noem in this case under the same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

No. 11 at 6).[2] While living in the United States, Petitioner resided with his partner and two U.S. citizen children, who are two and four-years-old. (Dkt. No. 13 at 5). Petitioner has no criminal history. (*Id.*).

On February 21, 2024, Petitioner was served a Notice to Appear in Immigration Court. (Dkt. No. 11 at 6). He was charged as "an alien present in the United States who has not been admitted or paroled." (*Id.*). Petitioner does not seem to have been detained at that time. Petitioner was arrested on November 25, 2025, in Dallas, Texas, by immigration officials when he appeared for his master calendar hearing in Immigration Court. (Dkt. No. 13 at 5). Petitioner requested a bond hearing in Immigration Court, but his request was denied for lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Dkt. No. 11 at 4).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of

---

[2] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. He brings several claims for relief: violation of the Due Process Clause of the Fifth Amendment for lack of an individualized bond hearing, violation of federal regulations, and preserving a claim for violation of the INA as foreclosed in *Buenrostro*. Petitioner's due process claim is that Respondents have deprived him of his liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. He argues that he has a strong interest in liberty because he has resided in the United States for over six years, and that his detention violates his rights. Petitioner requests, among other things, that this Court issue an order declaring his detention unlawful, immediately release him from custody or provide a bond hearing, and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[3] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention

---

[3] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[4]

The Court finds that the same reasoning applies to these facts, although Petitioner's length of presence in the United States is shorter than the petitioner in *Lopez Moncebais*. Here, the Court finds that Petitioner's residence in the United States since 2019 still creates a sufficient liberty interest to require that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

For this reason and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Unopposed First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory & Injunctive Relief, (Dkt. No. 13), is **GRANTED in part and DENIED in part**. Petitioner's request for attorney's fees is **DENIED**. Respondents' Motion for Summary Judgment, (Dkt. No. 15), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by April 24, 2026, at 5:00 p.m.**, under his prior conditions of release, and to submit a status report to the Court confirming Petitioner's release **by April 27, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as

---

[4] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

guaranteed by the Due Process Clause of the Fifth Amendment.

By **April 30, 2026**, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

It is so **ORDERED**.

**SIGNED** on April 23, 2026.

_____
John A. Kazen
United States District Judge